UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



LUDLOW EXCHANGE, LLC d/b/a Novig,

                                        Plaintiff,

        -against-

                                                        No. 26-cv-6676 (CM)

LETITIA JAMES, in her official capacity as
Attorney General of the State of New York;
ROBERT WILLIAMS, in his official capacity as
Executive Director of the New York State Gaming
Commission; BRIAN O'DWYER, in his official
capacity as Chair and Commissioner of the New
York State Gaming Commission; and PETER J.
MOSCHETTI, JR., JOHN A. CROTTY, SYLVIA
B. HAMER, MARTIN J. MACK, MARISSA
SHORENSTEIN, and JERRY SKURNIK, in their
official capacities as Commissioners of the New
York State Gaming Commission,

                                        Defendants.

### ORDER

McMahon, J.:

This case was assigned to me yesterday after Judge Torres declined to accept it as related

to *KalshiEX LLC v. Williams et al.*, 1:25-cv-08446. Judge Torres properly declined this case as

"related" under the Local Rules for the Division of Business Among Judges of the Southern

District of New York because, while it deals with the same statute as *Kalshi* and appears to raise

the same legal issues and arguments against state regulation of "derivatives transactions" (or,

maybe, gambling) as were raised in *Kalshi*, this is a different plaintiff. The fact that two cases

between different parties raise the same legal issues does not make them "related" under our

rules.

However, I can understand why the Attorney General tried to get this matter assigned to Judge Torres. This case was filed shortly after she issued a comprehensive opinion denying a motion for a TRO and preliminary injunction in the *Kalshi* case. It is obvious that the plaintiff in this case is impacted by the *Kalshi* decision and hopes, by filing this action, to get around that decision by convincing another judge in this district to reach a different conclusion.

I do not intend to prejudge the merits of this case. However, having read the *Kalshi* decision, I am denying the application for a temporary restraining order. Judge Torres denied *Kalshi*'s motion for a preliminary injunction after having the benefit of full briefing from both sides. I will not issue any order in this case without the benefit of full briefing, and I will not undermine Judge Torres' decision by entering any order granting emergency relief without full briefing from both sides. Therefore, there is no need for the Attorney General to respond to the application for a TRO. That application is DENIED.

I emphasize that, while I am denying the TRO application, I have not decided the case on the merits. This decision simply means that, because another judge in this district has already dealt with and decided an application for emergency relief on a full record in a virtually identical case, this Court will not be entering any sort of injunction without the benefit of full briefing and argument on the motion for injunctive relief. I may or may not reach the same ultimate conclusion as Judge Torres.

Because this case raises only legal issues, I am inclined to merge the motions for preliminary and permanent injunctive relief and enter a final judgment after one round of briefing. Any party objecting to that procedure should advise the Court in writing no later than August 13 at 5 PM. You will need to explain why any discovery would be needed in order to make a final disposition of this case. At the present time I can see none.

The briefing schedule is as follows:

The Attorney General will file a responsive brief to the motion for an injunction by August 21.

The plaintiff will file a reply brief by August 31.

Oral argument will be held in Courtroom 24A at the Daniel Patrick Moynihan courthouse on September 11 at 11 AM.

Dated: August 11, 2026

_____
U.S.D.J

BY ECF TO ALL COUNSEL